```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELLEN HUANG,

                Plaintiff,

-against-

GOOGLE LLC,

                Defendant.

25-CV-09051 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Ellen Huang, proceeding *pro se*, moves to remand this matter back to the State Court. *See* Dkt. No. 12. For the reasons set forth below, the motion is GRANTED.

**FACTUAL BACKGROUND**

*Pro se* Plaintiff Ellen Huang is the managing principal of a New York-based "research and consulting business" called Westlake International LLC ("Westlake International"). Dkt. No. 11 ("Amended Compl.") ¶ 11. Defendant Google LLC operates the popular search engine Google.[1] Plaintiff alleges when an individual googles "Westlake Financial"—an auto loan company, Google incorrectly displays Westlake International LLC's website in a banner that appears on the right hand-column of the search results. *Id.* ¶ 13. The resulting asserted harm to Plaintiff's business is twofold. First, it creates "the false impression that Plaintiff provides consumer auto loans." *See* Dkt. No. 1-2 ¶ 6. And second, aggrieved customers of Westlake Financial mistakenly leave negative reviews for Westlake International, driving down its aggregate review score. *See* Amended Compl. ¶ 17-A. After numerous requests to fix the issue,

---

[1] The Court refers to Defendant as "Google LLC," refers to Google LLC's search engine as "Google," and refers to the act of using Google as "googling" or "to google."

1

Plaintiff sued Google LLC in New York state court on September 20, 2025. *See* Dkt. No. 1-2. She alleged State-law defamation and misattribution, false designation of origin, and unfair competition under the Lanham Act; and deceptive business practices under New York's General Business Law. *Id.* Her complaint sought both money damages and injunctive relief. *Id.* at 3. Google LLC timely removed the action on October 31, 2025, contending that the action arose under federal law. *See* Dkt. No. 1-1 ¶¶ 7–8. Google LLC then moved to dismiss on November 21, 2025. Dkt. No. 9.[2]

      Plaintiff responded by filing an amended complaint on December 2, 2025. Dkt. No. 11. The amended complaint omits the Lanham Act claim and alleges State-law claims, only. It avers that Google LLC's false identification harmed Plaintiff's business and caused "substantial reputational injury." Amended Compl. ¶ 17-A. It requests injunctive relief requiring Google LLC to stop falsely affiliating the businesses. *Id.* at 4. And it seeks compensatory relief and "costs," but does not seek a specific number of damages. *Id.* The same day she filed her amended complaint, Plaintiff moved to remand the case back to the State court, arguing that the Court now lacked federal question jurisdiction. Dkt. No. 13.

      In its opposition, Google LLC does not challenge that the Court now lacks federal question jurisdiction. But it avers that the Court has diversity jurisdiction over this case. *See* Dkt. No. 20 ("Opp.") at 5–9. Google LLC argues the parties are completely diverse because it is a citizen of California and of Delaware and Plaintiff is a citizen of New Jersey. *Id.* at 6. And it argues that—because Plaintiff alleges "substantial reputational injury" to her New York City-

---

[2] On December 4, 2025, the Court denied the motion as moot consistent with its Individual Rule II(B)(6) after Plaintiff filed an amended complaint. *See* Dkt. No. 16.

2

based "research business serving investment funds"—there is a "reasonable probability" that the amount in controversy exceeds $75,000. *See id.* at 7–8.

Plaintiff's reply consists of a short declaration. It states that Plaintiff has never sought monetary damages exceeding $75,000 and that any requested monetary relief is incidental to her primary request for injunctive relief. Dkt. No. 22 ("Reply") ¶¶ 3–5. "Defendant's assertion that the amount in controversy . . . exceeds $75,000 is speculative and does not reflect [Plaintiff's] pleadings, intent, or relief requested." *Id.* ¶ 6.

## APPLICABLE LAW

28 U.S.C. § 1441 permits a defendant to remove a state court action "of which the district courts of the United States have original jurisdiction." Section 1332 provides for what is popularly known as "diversity jurisdiction," vesting the federal district courts with "original" subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Neither party seems to dispute that Plaintiff and Google LLC are citizens of different states, only whether the "matter in controversy" exceeds $75,000. Opp. at 7–8; Reply ¶¶ 5–6.

The proponent of federal jurisdiction "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *TongKook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).[3] If another party challenges the jurisdictional facts, then "the party asserting jurisdiction must support those facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'"

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

*United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.* ("*United Food*"), 30 F.3d 298, 305 (2d Cir. 1994) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Where the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record." *Id.* at 305.

## ANALYSIS

The amended complaint does not indicate how much Plaintiff seeks in damages. Therefore, the Court must scrutinize the amended complaint and other evidence in the record to determine if there is a "reasonable probability" that the amount in controversy exceeds $75,000. There is not. The amended complaint includes general allegations of harm. *See* Amended Compl. ¶ 6 ("[T]he misidentification harmed Plaintiff's business, reputation, and professional relationships."); *id.* ¶ 17-A (alleging that the confusion "caus[ed] substantial reputational injury"). But—without further context about the scope of Plaintiff's business—these allegations do not permit the Court to infer that the amount in controversy exceeds $75,000. "Substantial reputational injury" is a relative term. To a small business, it could mean damages of a few thousand dollars. This allegation alone cannot establish a "reasonable probability" that the amount in controversy exceeds $75,000.

Google LLC has done little to controvert this conclusion. The opposition brief quotes Westlake International's homepage: "Westlake International has provided timely insights into key drivers affecting the semiconductor and Asian technology supply chains, as well as Chinese sectors and companies, since its founding in 2008." Opp. at 2. This information is equally consistent with a one-woman professional-services firm as it would be with a large research

entity, and does nothing to paint a picture of what "substantial harm" to this business means in terms of dollars.

Google LLC also argues that an allegation of a "substantial reputational injury" and "business harm" to a "New York City-based" and "sophisticated investment research business" itself creates a reasonable probability that the amount in controversy exceeds $75,000. *See* Opp. at 8. It does not. At most, it creates a "possibility" that the amount in controversy exceeds $75,000. But that alone is insufficient for Google LLC to carry its burden of showing a "reasonable probability" that the amount in controversy exceeds $75,000.[4] *TongKook Am., Inc.*, 14 F.3d at 784.

## CONCLUSION

Because Google LLC has failed to show a reasonable probability that the amount in controversy exceeds $75,000, Plaintiff's motion to remand for lack of subject matter jurisdiction (Dkt. No. 12) is GRANTED. The Clerk of Court is respectfully requested to remand this matter in its entirety to New York County Supreme Court.[5]

Dated: March 6, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[4] Google LLC quotes language from *Scherer v. Equitable Life Assurance Soc'y of U.S.* noting that establishing the amount in controversy is "hardly onerous" because there is a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." Opp. at 8 (quoting *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)). This quote is inapposite given neither the complaint nor the amended complaint includes a request for a specific amount of damages.

[5] Because 28 U.S.C. § 1147(c) authorizes remand, 28 U.S.C. § 1447(d) bars Google LLC from seeking appellate review of this order. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006).